UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC BISHOP,<br><br>Plaintiff,<br><br>v.<br><br>RIDE THE DUCKS INTERNATIONAL, LLC,<br><br>Defendant. | CASE NO. C18-1319-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 10), and Defendant's cross-motion for limited jurisdictional discovery (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion and DENIES Defendant's motion, for the reasons explained herein.

**I.     BACKGROUND**

In late 2015, a major traffic accident occurred on the Aurora Bridge near downtown Seattle involving a vehicle owned by Defendant Ride the Ducks International, LLC ("RTDI"). (*See* Dkt. No. 1-2.) On July 7, 2017, Plaintiff Eric Bishop, who was the driver of the vehicle, brought suit in King County Superior Court against RTDI, the State of Washington (the "State"), the City of Seattle (the "City"), and numerous unnamed defendants. (Dkt. No. 1-2.)

In June 2018, Mr. Bishop began negotiating his claims with the City and State. (*See* Dkt. No. 13-1 at 47–50, 52–54.) On July 3, 2018, the City and State offered Mr. Bishop $100,000 to settle his claims. On July 10, 2018, Mr. Bishop countered, offering to dismiss the City and State if each paid $150,000. (*Id.* at 35–37.) The State rejected Mr. Bishop's offer the same day. (*Id.* at 39.) At some point between July 10 and July 16, 2018, Mr. Bishop reached an agreement with the City and State to settle.[1] The settlement release forms were signed on July 18, 2018. (*Id.* at 47–50, 52–54.) Approximately one month later, Mr. Bishop voluntarily dismissed his claims against the City and State. (Dkt. No. 1-3.)

On September 9, 2018, RTDI removed the case to this Court on the basis of diversity jurisdiction. (Dkt. No. 1.) RTDI is a limited liability company from Missouri,[2] and Mr. Bishop is a Washington resident. (Dkt. Nos. 8, 13-1 at 9.) Mr. Bishop now moves to remand the case to the state court, arguing that it was removed more than one year after it was commenced. (Dkt. No. 10) (citing 28 U.S.C. § 1446(c)). He also moves for an award of attorney fees, arguing that removal was not objectively reasonable. (*Id.* at 5.) RTDI contends that removal was proper under the statute's "bad faith" exception, and requests limited discovery on the timing of Mr. Bishop's settlement with the City and State to substantiate that claim. (Dkt. No. 12 at 2.)

## II. DISCUSSION

### A. Legal Standard

A case originally filed in state court, over which a federal court would have jurisdiction, may be removed to federal court. 28 U.S.C. § 1441(a). A case that lacks complete diversity when

---

[1] The record before the Court does not establish precisely when Mr. Bishop finalized the terms of the settlement with the City and State. An email from the State to Mr. Bishop on July 16, 2018 references a settlement agreement reached "last Friday." (Dkt. No. 13-1 at 45.) The precise date is immaterial to the Court's ruling, but for clarity it assumes that the parties reached a settlement agreement on Friday, July 13, 2018.

[2] RTDI's corporate disclosure statement (Dkt. No. 8) does not indicate the citizenship of the members which comprise the LLC, which could affect the diversity analysis. Because the Court remands on other grounds, it assumes that the parties are completely diverse.

it was filed in state court, but which subsequently becomes diverse, may be removed within one year of the case being filed in state court, unless the Court finds that "the plaintiff has acted in bad faith in order to prevent [removal]." 28 U.S.C. § 1446(c). But "settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action." *Dunkin v. A.W. Chesterton Co.*, Case No. C10-458-SBA, 2010 WL 1038200, slip op. at *2 (N.D. Cal. March 19, 2010) (citing *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978)). The Ninth Circuit has yet to establish a standard for evaluating bad-faith attempts to prevent removal, but this Court has previously held that it is "a high burden." *Heacock v. Rolling Frito-Lay Sales, LP*, Case No. C16-0829-JCC, Dkt. No. 21 at 5, 6 (W.D. Wash. 2009). For example, bad faith is shown when a plaintiff names non-diverse defendants, but then "fail[s] to actively litigate a claim against [those defendants] *in any capacity*," and then dismisses them after the one-year deadline. *Id.* (emphasis in original).

### B. RTDI's Allegation of Bad Faith

It is undisputed that RTDI removed this case more than one year after it was commenced in state court. (*See* Dkt Nos. 1, 1-2 at 2.) Therefore, the case must be remanded unless RTDI can demonstrate that Mr. Bishop acted in bad faith to prevent removal. 28 U.S.C. § 1446(c). RTDI claims that Mr. Bishop acted in bad faith because he actually settled with the City and State before the one-year deadline, but intentionally delayed dismissing the City and State to prevent removal. (Dkt. No. 12 at 2.) RTDI's allegations are based on "information and belief." (*Id.*)

The record does not support RTDI's assertion of bad faith. Mr. Bishop has provided emails between his attorney and the City and State detailing the parties' negotiations.[3] (*See* Dkt. No 13-1 at 31–45.) The most revealing email suggests that the terms of the settlement were finalized on July 13, 2018.[4] (*Id.* at 45.) Indeed, on July 10, 2018, the State rejected Mr. Bishop's

---

[3] The State's attorney appears to have spoken for both the City and the State during settlement negotiations.

[4] *See* note 1, *supra.*

ORDER
C18-1319-JCC
PAGE - 3

counter-offer, demonstrating that the parties had not reached a settlement within one year of the action commencing. (*Id.* at 39.) None of the emails imply that Mr. Bishop delayed the negotiations in bad faith, or entered a settlement and then waited to dismiss the City or State to foil removal. (*Id.*) Thus, RTDI has not shown that Mr. Bishop acted in bad faith to prevent its timely removal. Therefore, Mr. Bishop's motion to remand (Dkt. No. 10) is GRANTED.[5]

### C. Mr. Bishop's Motion for Attorney Fees

Mr. Bishop also moves for an award of attorney fees incurred in researching and briefing his motion to remand. (*Id.* at 5–7.) The removal statute authorizes an award of attorney fees when the court remands a case as the result of improper removal. 28 U.S.C. § 1447(c). Attorney fees are appropriate when removal lacks "an objectively reasonable basis." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

A court in this circuit recently found that a defendant's failure to ascertain the citizenship of an LLC's members—which, once established, defeated removal—justified an award of attorney fees. *Pac. Hosp. Grp. Ventures, Inc. v. NewcrestImage Holdings, LLC*, Case No. 8:17–cv–01353–JLS–JDE, 2017 WL 4286146, slip op. at *3 (C.D. Cal. Sept. 27, 2017). The court found that "Rather than conducting a reasonable pre-removal investigation, Defendants removed this suit to determine whether it was properly removable." *Id.*

RTDI's removal of this action was not objectively reasonable. If Mr. Bishop had in fact delayed dismissing the City and State once he settled with them, RTDI would have had a reasonable basis to claim that Mr. Bishop acted in bad faith to prevent removal. Conversely, RTDI concedes that, "If [Mr. Bishop] submits documentation with his reply brief that shows he settled with the [City] and the [State] *after* the one-year anniversary of commencing suit, RTDI will stipulate to remanding this case back to state court." (Dkt. No. 12 at 4) (emphasis in original). But RTDI cannot have it both ways—removing the case based on "information and belief" while at

---

[5] The Court is satisfied that the record is sufficient to rule on Plaintiff's motion to remand. As such, Defendant's motion to send limited jurisdiction discovery is DENIED.

the same time asking the Court to allow discovery to determine if removal was warranted. As the record shows, it was not.

RTDI justifies its failure to investigate the factual basis for removal by claiming that it was unable to send Mr. Bishop discovery on that issue. (Dkt. No. 12 at 4.) That argument is not persuasive. The case was pending in state court for more than one year before it was removed, and RTDI does not appear to claim that it was denied discovery there—only that it was unable to send discovery in this Court, which in any event would not be available until *after* the case was removed. (*See* Dkt. Nos 1, 1-3 at 2, 12.) Nor does RTDI explain why it needed to rush removal: Because the case was past the one-year deadline, RTDI was always going to be forced to argue that Mr. Bishop acted in bad faith. Even without formal discovery on the issue, RTDI fails to demonstrate that it conducted *any* pre-removal investigation to substantiate its "information and belief" that Mr. Bishop acted in bad faith. (*See* Dkt. Nos. 1, 12.)

The Court finds that RTDI lacked an objectively reasonable basis for removal because it failed to perform an adequate pre-removal investigation. Therefore, the Court GRANTS Mr. Bishop's motion for attorney fees in the amount of $2,175 (Dkt. No. 10), which the Court finds reasonable and just under the circumstances.[6]

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand and for an award of attorney fees (Dkt. No. 10) is GRANTED. Defendant's cross-motion to send limited discovery (Dkt. No. 12) is DENIED. Defendant is ORDERED to pay Plaintiff $2,175 for attorney fees incurred as a result of removal. The Clerk is DIRECTED to remand this case to the King County Superior Court.

//

---

[6] Mr. Sullivan estimated his incurred fees to be *between* $1,500 and $2,000. Accordingly, the Court awards him fees for the low end of that range, $1,500. Mr. Kahn's fees are estimated to be $675. Thus, the Court awards $2,175 in total.

1     DATED this 17th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE